UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT MCGUIRE, JR. | CIVIL ACTION |
| VERSUS | NO. 13-6093 |
| JERRY LARPENTER, ET AL | SECTION "N"  (4) |

## **O R D E R**

Before the Court are the following motions: (1) Motion for Summary Judgment filed by defendants Jerry Larpenter, Sheriff of Terrebonne Parish, Major Darryl Stewart, Deputy Michael Garner, Deputy Charles Jackson, and Deputy Eric Villavaso (Rec. Doc. 17); and (2) Motion for Summary Judgment filed by defendant Juan Pickett, Assistant District Attorney for the Terrebonne Parish (Rec. Doc. 19).   Plaintiffs' opposition memorandum is at Rec. Doc. 20.

## I.  BACKGROUND:

Plaintiff brings this section 1983 action against an assistant district attorney of Terrebonne Parish and six Terrebonne Parish law enforcement officers, alleging that his constitutional rights were violated when he was unlawfully arrested on November 4, 2011, pursuant to a Terrebonne Parish warrant, and detained in a Terrebonne Parish jail until October 3, 2012, on which date the conspiracy and drug racketeering charged against him were *nolle prossed*, and he was released from detention.  Rec. Doc. 1.

The plaintiff tendered his complaint for filing on October 7, 2013.  Defendants now seek to dismiss the claims on grounds that they are prescribed.

## II. LAW AND ANALYSIS:

### A. The Standard for Summary Judgment under Rule 56:

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When a party seeks summary judgment pursuant to an affirmative defense, such as a statute of limitation, the movant must establish all of the elements of the defense." *Citigroup Inc. v. Federal Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011). "If the movant does so, the burden shifts to the nonmovant to provide specific facts showing the existence of a genuine issue for trial." *Id.* "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 234 (5th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Although the Court must draw in favor of the nonmoving party all reasonable inferences that may be drawn from the evidence submitted, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)); *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

### B. Prescription of Claims under 42 U.S.C. § 1983:

"In § 1983 claims, the applicable statute of limitations is that which the state would apply in an analogous action in its courts." *Bourdais v. New Orleans City*, 485 F.3d 294, 297 (5th Cir. 2007). In Louisiana, the applicable liberative prescriptive period is one year. *Id.; see* La. Civ. Code art. 3492. However, "[t]he accrual date of a § 1983 cause of action is a question of federal

2

law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). "Under federal law, the statute of limitations under § 1983 begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Edmonds v. Oktibbeha County, Miss.,* 675 F.3d 911, 916 (5th Cir. 2012) (internal quotations omitted).

    The injury alleged is unlawful arrest and incarceration. Rec. Doc. 1 at 9 of 16. Plaintiff alleges that he was arrested on November 4, 2011, and incarcerated in Terrebonne Parish on November 9, 2011. *Id.* at 7 of 16; *see also* Rec. Doc. 17-3 at 1 of 10; *cf.* Rec. Doc. 17-3 at 1 of 10 (affidavit of warden attesting that the plaintiff was incarcerated at the Terrebonne facility on November 8, 2011). Thus, the injuries at issue were sustained nearly two years before suit was filed, well outside the one-year limitation. Indeed, the suit would be untimely even if prescription has not commenced to run until the termination of the alleged wrongful imprisonment. It is clear from the complaint and the undisputed evidence, that the plaintiff was released from detention on October 3, 2012. *See* Rec. Docs. 1 at 8 of 16, 17-3 at 1 of 10 and 6 of 10. The record shows that the charges against him were *nolle prossed* on that same date. *See* Rec. Docs. 17-3 at 8 of 10, 20-3 at 94 of 105. Thus, even using the release date, the complaint tendered for filing on October 7, 2013, was untimely.

    Plaintiff alleges that on October 5, 2012, he visited the Terrebonne Parish Clerk of Court to obtain documentation to explain the sudden dismissal of the charges against him. If prescription commenced to run on this date, the suit perhaps would be timely, for October 5, 2013, fell on a Saturday. However, prescription begins to run "the moment the plaintiff

becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Edmonds,* 675 F.3d at 916. Here, it is clear from the complaint that the plaintiff was advised upon his arrest of the charges against him and that he immediately began asserting that he was innocent as to the charges. *See* Rec. Doc. 1 at 7 of 16 ("After I had been questioned by the officers..., I was then advised that a warrant was issued for my arrest for "Drug Racketeering and Conspiracy to commit Drug Racketeering " in Terrebonne Parish..., in which, at the time of the arrest, I began asserting "*my innocence*" to the charges I was being arrested for.") (emphasis in original). Therefore, based upon the record, construing it liberally in favor of the *pro se* plaintiff, and drawing all reasonable inferences in the plaintiff's favor, the Court finds that no genuine dispute of material fact exists. Based upon this record, no reasonable fact-finder could conclude that the plaintiff was not aware as of November 4, 2011, that he had suffered an injury or that he did not have sufficient information as of that date to know that he had been injured. As for the plaintiff's complaint that he was denied due process of law during his pretrial detention and was denied a speedy trial, these alleged injuries occurred during his detention and, thus, concluded at the latest, on October 3, 2012, when he was released from detention and the charges dismissed. Thus, the complaint tendered for filing on October 7, 2012, was untimely as to these claims as well. Accordingly;

    **IT IS ORDERED** that the Motion for Summary Judgment filed by defendants Jerry Larpenter, Sheriff of Terrebonne Parish, Major Darryl Stewart, Deputy Michael Garner, Deputy Charles Jackson, and Deputy Eric Villavaso **(Rec. Doc. 17)** and the Motion for Summary

Judgment filed by defendant Juan Pickett, Assistant District Attorney for the Terrebonne Parish **(Rec. Doc. 19)** are hereby **GRANTED**, and the plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 30th day of April, 2014.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**